Mark J. Fonte
Louis M. Gelormino
**F&G Legal Group**
2550 Victory Blvd.
Staten Island, New York 10314
Telephone:     (917) 968-1619
mfontelaw@yahoo.com
louiegels@hotmail.com
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CNS PARTNERS, INC. d/b/a CORNERSTONE REALTY**, individually, and for all others similarly situated,<br><br>                              Plaintiff,<br><br>          -against–<br><br>**THE CITY OF NEW YORK**, **ERIC L. ADAMS, MAYOR OF NEW YORK CITY, IN HIS OFFICIAL CAPACITY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE,** and **DAVE A. CHOKSHI, COMMISSIONER OF THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE, IN HIS OFFICIAL CAPACITY**<br><br>                              Defendants. | Case No.: 1:22-cv-00037<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff CNS Partners, Inc. d/b/a Cornerstone Realty ("Cornerstone Realty") on behalf of itself and a Class of similarly situated individuals, by its attorneys, F&G Legal Group, for its Complaint against the City of New York (the "City"), Eric L. Adams, Mayor of New York City, in his official capacity as Mayor of New York City ("Adams"), the Department of Health and Mental Hygiene (the "DOHMH"), and Dave A. Chokshi, Commissioner of the DOHMH, in his

official capacity ("Chokshi") (collectively, the "Defendants"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Cornerstone Realty and members of the Class are businesses in New York City that will be deprived of their interests under the DOHMH's Order to Require COVID-19 Vaccination in the Workplace (Ex. A, the "DOHMH Order"), which requires private employers to verify its workers' proof of COVID-19 vaccination.

2. This case is not about vaccines, but about an employer's right to be heard when the DOHMH and the City pass a sweeping—and first in the nation—law meant to fight the COVID-19 pandemic.

3. The DOHMH maintains that it is the employer's decision whether to discipline or fire such workers who are not vaccinated against COVID-19 or, in the alternative, employers can require workers to work remotely (Ex. B, "FAQ on DOHMH Order").

4. But in the practice, the DOHMH Order forces employers, such as Cornerstone Realty, a real estate company, to terminate its workers because remote work is impossible for every worker.

5. If Cornerstone Realty and other businesses have workers who cannot work remotely or be readily replaced, the only option—other than to retain unproductive workers on the payroll—is to terminate such workers.

6. As the last two years of the COVID-19 pandemic has shown, remote work is impossible for Cornerstone Realty's agents, who must be physically present to show or list properties. Businesses like Cornerstone Realty are similarly situated across New York City.

7. The DOHMH Order does not provide a notice period for Cornerstone Realty or other businesses to enforce the DOHMH Order, which, if businesses are forced to terminate

workers, harms such businesses.

8. Moreover, if a business fails to comply with the DOHMH Order, employers are subject—without any process for a hearing that takes into account a business's operation—to a fine of $1,000 and escalating penalties thereafter if violations persist.

9. Nowhere in the process does the City or the DOHMH consider the employer's liberty or property interests in its fight against the COVID-19 pandemic.

10. The DOHMH Order, therefore, deprives businesses a necessary right to be heard, which is guaranteed under the Procedural Due Process clause of the Fourteenth Amendment of the United States Constitution.

## JURISDICTION AND VENUE

11. Pursuant to 42 U.S.C. § 1983, this Court has jurisdiction to enforce the provisions of the U.S. Constitution.

12. This Court has subject matter jurisdiction over the claims asserted by Plaintiff under 28 U.S.C. § 1331 as this action involves claims based on Fourteenth Amendment of the U.S. Constitution and seeks to prevent Defendants from interfering with federal rights secured by the U.S. Constitution.

13. Pursuant to 28 U.S.C. § 1343(a)(3) and (4), this Court has subject matter jurisdiction over the claims asserted by Plaintiff as this action is brought to redress deprivations under color of State law, statute, executive order, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the U.S. Constitution.

## THE PARTIES

*Plaintiff*

14. Plaintiff Cornerstone Realty is a real estate company based in Staten Island, New York.

*Defendants*

15. Defendant City is a municipal corporation within the State of New York.

16. Defendant Adams is and was Mayor of the City of New York and is and was acting under color of City law and in his official capacity.

17. Defendant DOHMH is responsible for public health in New York City.

18. Defendant Chokshi is and was Commissioner and is and was acting under color of the DOHMH and in his official capacity, at all times relevant to the allegations made by Plaintiff herein.

## FACTUAL ALLEGATIONS

*The City Announces a Vaccine Mandate for all Private Employees*

19. The DOHMH Order requires that employees, by December 27, 2021, must have provided proof of vaccination against COVID-19 to their employer before entering the workplace, and the employer must exclude from the workplace any employee who has not provided such proof.

20. For the purposes of the DOHMH Order, employers, the "covered entities" include: (i) any non-governmental entity that employs more than one worker in New York City or maintains a workplace in New York City; or (ii) any self-employed individual or a sole practitioner who works at a workplace or interacts with workers or the public in the course of their business.

21. An employee means an individual, a worker, who works in-person in New York City at a workplace. Workers includes a full- or part-time staff member, employer, employee, intern, volunteer or contractor of a covered entity, as well as a self-employed individual or a sole practitioner.

22. Covered entities must maintain a copy of each worker's proof of vaccination and,

if applicable, a record of reasonable accommodation.

23. The DOHMH Order maintains that "As long as you keep the worker out of the workplace, it is your decision whether to discipline or fire such worker, or if the worker can contribute to your business while working remotely."

24. But if a business refuses to comply, they are subject to a fine of $1,000 and escalating penalties thereafter if violations persist.

*Cornerstone Realty Employees Cannot Work Remotely or Be Readily Replaced*

25. Cornerstone Realty is a premier real estate company based in Staten Island, New York, and employees fourteen employees, thirteen of whom are qualified real estate agents. Cornerstone Realty is a "covered entity" under the DOHMH Order.

26. Not all of Cornerstone Realty's real estate agents have provided records of their COVID-19 vaccination or documentation of medical or religious exemptions. Cornerstone Realty's real estate agents are considered "workers" under the DOHMH Order.

27. Cornerstone Realty's real estate agents, like agents at any other realtor business, work in a highly mobile industry that requires them to be physically present to show or list properties—which are essentially workplaces for real estate agents, as they cannot view or list properties without being physically present.

28. As such, remote work is impossible for Cornerstone Realty's employees. Without the possibility of remote work, the DOHMH Order requires Cornerstone Realty to terminate its employees.

29. If Cornerstone Realty is forced to terminate its employees without any notice period, Cornerstone Realty suffers an immediate harm because, in the current market, it can take up to six months to hire a real estate agent.

*The DOHMH or the City Have Not Provided Any Due Process Rights for Businesses Like Cornerstone Realty*

30. Defendants did not provide Cornerstone Realty with any notice of the DOHMH Order going into effect on December 27.

31. While the DOHMH Order does not explicitly require Cornerstone Realty to terminate its real estate agents, who can neither work remotely or be readily replaced, the DOHMH essentially forces employers to terminate its workers or be in violation of the DOHMH Order.

32. Defendants do not provide any process to request stay or appeal of the DOHMH Order, which places businesses across New York City in jeopardy as Defendants implement and enforce the DOHMH Order.

## CLASS ACTION ALLEGATIONS

33. Plaintiff Cornerstone Realty represents the Class, as defined below, prosecuting the claims here, bringing claims pursuant to Federal Rule of Civil Procedure ("Rule") 23(a) and (b).

### The Class

34. Plaintiff Cornerstone Realty brings this class action on behalf of itself, and the Class affected by the DOHMH Order.

### All Requirements of a Class Action are Met Here

35. This action meets the following prerequisites of Rule 23(a):

   a. **Numerosity**: The Class includes hundreds of members. Due to the high number of class members, joinder of all members is impracticable and, indeed, virtually impossible.

   b. **Ascertainable**: The proposed Class is ascertainable. Every Plaintiff is an employer in New York City with more than on employee or a self-employed individual or a sole practitioner who works at a workplace or interacts with

workers or the public in the course of their business.

c. **Commonality**: A substantial pool of common questions of law and fact exists among the Class, including but not limited to:

   i. The actions taken by Defendants to advance the DOHMH Order;

   ii. Implementation of the DOHMH Order;

   iii. The irrationality and arbitrariness of particular provisions of the DOHMH Order.

d. **Typicality**: Plaintiff's claims are typical of the claims of the Classes as they are all covered entities in New York City. The harm suffered by Plaintiff and the cause of such harm is representative of the respective Class. The claims or defenses of the Plaintiff and the Class arise from the save events and actions by Defendants and are based on the same legal theory.

e. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff does not have any interests that conflict with the interests of the members of the Classes. Plaintiff has engaged competent counsel who are experienced in complex litigation, including class action litigation.

f. **Superiority**: A class action is superior to alternatives, if any, for the timely, fair, and efficient adjudication of the issues alleged herein. A class action will permit numerous similarly situated individuals to prosecute their common claims in a single forum simultaneously without duplication of evidence, expense, and resources. This action will result in uniformity of decisions and avoid risk of inconsistency and incompatible standards of conduct in the judicial system.

g. **Maintainability:** This action is properly maintainable as a class action for the above-mentioned reasons and under Rule 23(b):

   i. The individual amount of restitution involved is often so insubstantial that the individual remedies are impracticable and individual litigation too costly;

   ii. Individual actions would create a risk of inconsistent results and duplicative litigation;

   iii. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby rendering final injunctive relief or declaratory relief appropriate for the Class as a whole; and

   iv. Individual actions would unnecessarily burden the courts and waste judicial resources.

h. **Predominance**: The questions of law or fact common to Class Members predominate over any questions affected only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLAIM FOR RELIEF

**Violation of the Due Process Clause of the U.S. Constitution**

36. Plaintiff realleges and incorporates into this cause of action the allegations of the of the Complaint set out above.

37. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no State can "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

38. A procedural due process claim is composed of two elements: (1) the existence of

8

a property or liberty interest that was deprived and (2) deprivation of that interest without due process. *Narumanchi v. Bd. Of Trustees*, 850 F. 2d 70, 82 (2d Cir. 1988).

39. Plaintiff has a property or liberty interest in maintaining its business through employment or contract with qualified real estate agents.

40. If Defendants enforce the DOHMH Order, Plaintiff and members of the putative Classes' will be forced to terminate their employees who have chosen to receive the COVID-19 vaccination.

41. Defendants did not provide any notice to Plaintiff of the DOHMH Order.

42. Defendants, moreover, have not laid out any process to protest or appeal any decisions made in accordance with the DOHMH Order.

43. Termination of employees will result in Plaintiff and Class members being irreparably harmed without due process.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Certifying the proposed Class pursuant to Rule 23;

B. Awarding Plaintiff and the Class damages from Defendants' violation of their constitutional right to procedural due process;

C. Costs of suit herein;

D. Investigation costs;

E. Payment of reasonable attorneys' fees;

F. Declaratory relief;

G. Injunctive relief;

H. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Dated: New York, New York
   January 4, 2022

                By: *s/ Mark J. Fonte*
                  Mark J. Fonte
                  Louis M. Gelormino
                  **F&G Legal Group**
                  2550 Victory Blvd.
                  Staten Island, New York 10314
                  Telephone: (917) 968-1619
                  mfontelaw@yahoo.com
                  louiegels@hotmail.com
                  *Attorneys for Plaintiff and the Class*