Mark J. Fonte
Louis M. Gelormino
**F&G LEGAL GROUP**
2550 Victory Boulevard
Staten Island, New York 10314
Telephone:     (917) 968-1619
mfontelaw@yahoo.com
louiegels@hotmail.com
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CNS PARTNERS, INC. d/b/a CORNERSTONE REALTY**, individually, and for all others similarly situated,<br><br>                    Plaintiff,<br><br>-against–<br><br>**THE CITY OF NEW YORK, ERIC L. ADAMS, MAYOR OF NEW YORK CITY, IN HIS OFFICIAL CAPACITY, DEPARTMENT OF HEALTH AND MENTAL HYGIENE,** and **DAVE A. CHOKSHI, COMMISSIONER OF THE DEPARTMENT OF HEALTH AND MENTAL HYGIENE, IN HIS OFFICIAL CAPACITY**<br><br>                    Defendants. | Case No. 1:22-cv-00037<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT ..................................................................................................................................2

I.  PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION...................................2

    A.  Plaintiff Is Likely to Prevail on the Merits of Its Procedural Due Process Claim .......2

    B.  Defendants' Misconduct Will Cause Irreparable Harm to Plaintiff if the Preliminary Injunctive Relief Sought by Plaintiff Is Not Granted .......................................................3

    C.  The Balance of Equities Tips in Plaintiff's Favor .........................................................4

    D.  The Requested Injunction Is in the Public Interest .......................................................4

II. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER .....................5

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388 (2006) ................................................................................................ 3, 5

*Gibson v. U.S. Immigration & Naturalization Serv.*,
    541 F. Supp. 131 (S.D.N.Y. 1982) ................................................................................ 2

*Granny Goose Foods Inc. v. Teamsters*,
    415 U.S. 423 (1974) ..................................................................................................... 6

*Hollingsworth v. Perry*,
    558 U.S. 183 (2010) ..................................................................................................... 5

*In re Vuitton et Fils S.A.*,
    606 F.2d 1 (2d Cir. 1979) ............................................................................................. 6

*Kamerling v. Massanari*,
    295 F.3d 206 (2d Cir. 2002) ......................................................................................... 3

*McMenemy v. City of* Rochester,
    241 F.3d 279 (2d Cir. 2001) ......................................................................................... 3

*N.Y. Pathological & X–Ray Labs., Inc. v. INS*,
    523 F.2d 79 (2d Cir. 1975) ........................................................................................... 3

*Pan American World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n.*,
    306 F.2d 840 (2d Cir. 1962) ......................................................................................... 6

*In re Vuitton et Fils S.A.*,
    606 F.2d 1 (2d Cir. 1979) ............................................................................................. 6

*Salinger v. Colting*,
    607 F.3d 68 (2d Cir. 2010) ....................................................................................... 3, 5

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ......................................................................................................... 2

## **PRELIMINARY STATEMENT**

Plaintiff CNS Partners Inc. d/b/a Cornerstone Realty ("Cornerstone Realty") and members of the Class are businesses in New York City that will be deprived of their interests under the DOHMH's Order to Require COVID-19 Vaccination in the Workplace (Ex. A, the "DOHMH Order"), which requires private employers to verify their workers' proof of COVID-19 vaccination. This case is not about vaccines, but about an employer's right to be heard when the DOHMH and the City pass a sweeping—and first in the nation—law meant to fight the COVID-19 pandemic.

The DOHMH maintains that it is the employer's decision whether to discipline or fire such workers who are not vaccinated against COVID-19 or, in the alternative, employers can require workers to work remotely (Ex. B, "FAQ on DOHMH Order"). But in the practice, the DOHMH Order forces employers, such as Cornerstone Realty, a real estate company, to terminate its workers because remote work is impossible for every worker, particularly when most other workers are working in person in the office.

If Cornerstone Realty and other businesses have workers who cannot work remotely or be readily replaced, the only option—other than to retain workers on the payroll while they are not permitted to work—is to terminate such workers. As the last two years of the COVID-19 pandemic has proven, remote work is impossible for Cornerstone Realty's agents, who must be physically present to show or list properties. Businesses across New York are similarly situated.

The DOHMH Order does not provide a notice period for Cornerstone Realty or other businesses to enforce the DOHMH Order, which, if businesses are forced to terminate workers, harms such businesses. Moreover, if a business fails to comply with the DOHMH Order, employers are subject—without any process for a hearing —to a fine of $1,000 and escalating

1

penalties thereafter if violations persist. Nowhere in the process does the City or the DOHMH consider the employer's liberty or property interests in its fight against the COVID-19 pandemic. The DOHMH Order, therefore, deprives businesses a necessary right to be heard, which is guaranteed under the Procedural Due Process clause of the Fourteenth Amendment of the United States Constitution.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Complaint in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed with this memorandum of law for additional facts.

## ARGUMENT

### I.  PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION

Plaintiff needs injunctive relief in order to protect itself, having no adequate remedy at law. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff meets each of these requirements, warranting the granting of Plaintiff's motion and the enjoining of enforcement of the August 23 Order.

### A.  Plaintiff Is Likely to Prevail on the Merits of Its Procedural Due Process Claim

Plaintiff is likely to prevail on the merits of her procedural due process claim and is therefore entitled to a preliminary injunction to preserve the status quo. In order for a preliminary injunction—which by its terms provides only a preliminary remedy—to be granted, "[i]t is necessary only that the court find that the plaintiff has presented a strong *prima facie* case to

justify the discretionary issuance of preliminary relief." *Gibson v. U.S. Immigration & Naturalization Serv.*, 541 F. Supp. 131, 137 (S.D.N.Y. 1982). A procedural due process claim exists when a Plaintiff possesses a protected liberty or property interest and that they were deprived of that interest without due process. *McMenemy v. City of* Rochester, 241 F.3d 279, 286 (2d Cir. 2001) (stating the elements). Plaintiff can meet the elements of its procedural due process claim. Plaintiff has a valid property interest and a fundamental right to pursue its business and retain employees to advance that business. Defendants deny that right through the DOHMH Order, which forces Plaintiff and other businesses to essentially terminate its employees. The DOHMH Order went into effect without any notice. Defendants, moreover, do not provide any notice or opportunity to be heard by a neutral decision maker if Plaintiff and other businesses are in violation of the DOHMH Order. Plaintiff and the Class are likely to prevail at the end of this litigation on their procedural due process claim.

### B. Defendants' Misconduct Will Cause Irreparable Harm to Plaintiff if the Preliminary Injunctive Relief Sought by Plaintiff Is Not Granted

Plaintiff will suffer irreparable harm if the preliminary relief it seeks is denied. "To establish irreparable harm, a party seeking preliminary injunctive relief must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X–Ray Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)). "[T]he court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the 'remedies available at law, such as monetary damages, are inadequate to compensate for that injury.'" *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Termination of its employees would

cause significant, ongoing damages to Plaintiff, and, as such, cannot be remedied by mere money damages. Plaintiff would not be able to replace its employees, who are real estate agents, for up to six months. Any litigation would take months at least to resolve, meantime Plaintiff would not be able to maintain its business as a real estate company. Enforcement of the DOHMH Order will harm Plaintiff and Class members' in ways which cannot be adequately remedied by monetary damages, warranting the granting of Plaintiff's motion.

### C. The Balance of Equities Tips in Plaintiff's Favor

The equities are in favor of Plaintiff and the Class. Plaintiff is not against vaccine mandates, but recent history shows that vaccination is not the only way to protect workers in a workplace. Alternate methods exist, such as N-95 masks and social distancing—which worked in the last two years— and can be employed here. But if enforcement of the DOHMH Order is the only means used to create such workers' safety, Plaintiff and members of the Class will be significantly and immediately harmed. "In close cases the Circuit Justice or the Court will balance the equities and weigh the relative harms to the applicant and to the respondent." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). As described above, the potential for harm to Plaintiff if the requested relief is denied is great, while Defendants have alternative means to obtain the legitimate goal of safety in private workplaces.

### D. The Requested Injunction Is in the Public Interest

The requested injunction which would permit Plaintiff and many other businesses to maintain its workers during another wave of COVID-19 pandemic that, as of filing this brief, no longer affords workers with robust unemployment compensation. "[T]he court must ensure that the 'public interest would not be disserved' by the issuance of a preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*,

4

547 U.S. 388, 391 (2006)). The protection of business—which provide critical support to communities across New York—is essential to the public good. An order protecting this interest will only help the greater public, warranting the granting of Plaintiff's motion for preliminary injunction and temporary restraining order.

## II.   PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER

Plaintiff is entitled to the emergency relief of an ex parte temporary restraining order enjoining Defendants' enforcement of the DOHMH Order until resolution of any preliminary injunction hearing, or any other relief which this Court may grant. "The purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of demands for a preliminary injunction." *Pan American World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n.,* 306 F.2d 840, 843 (2d Cir. 1962). The Second Circuit, following the holding of the Supreme Court in *Granny Goose Foods Inc. v. Teamsters*, 415 U.S. 423 (1974), observed in *In re Vuitton et Fils S.A.,* 606 F.2d 1 (2d Cir. 1979), that a temporary restraining order issued is justified where "failure to issue it would result in 'immediate and irreparable injury, loss, or damage'" and the applicant shows why notice should not be required. For the reasons discussed above, Plaintiff is entitled to a preliminary injunction.

Plaintiff is further entitled to the emergency relief of a temporary restraining order. The DOHMH Order creates a situation where employers are forced to terminate workers in a critical period without any due process, such that the limited time a temporary restraining order would be in place until this Court rules on the preliminary injunction application, likely after a hearing, would cause limited, if any, harm. The Court should grant Plaintiff's motion for temporary injunction.

## **CONCLUSION**

For the reasons stated herein, and in the supporting papers, Plaintiff is entitled to a

5

temporary restraining order enjoining Defendants from enforcing the DOHMH Order until this Court rules on the preliminary injunction application. And upon a hearing or presentation of whatever other evidence and arguments the Court requires this Court should issue a preliminary injunction staying enforcement of the DOHMH Order so that Plaintiff and other businesses in the Class will not lose their property or liberty interest without due process.

Dated: New York, New York
      January 4, 2022

By: *s/ Mark J. Fonte*
    Mark J. Fonte
    Louis M. Gelormino
    **F&G Legal Group**
    2550 Victory Blvd.
    Staten Island, New York 10314
    Telephone:   (917) 968-1619
    mfontelaw@yahoo.com
    louiegels@hotmail.com
    *Attorneys for Plaintiff and the Class*